WEISS SEROTA
HELFMAN COLE + BIERMAN

AMANDA A. PULIDO
apulido@wsh-law.com

July 17, 2026

David J. Smith, Clerk of the Court
United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

**Re: *Shannon Schemel, et al. v. City of Marco Island, Florida* – Case No. 25-13913-E, Response to Appellant's Citation of Supplemental Authority, Pursuant to Fed. R. App. P. 28(j) and 11th Circuit Rule 28, I.O.P. 6**

Dear Mr. Smith:

Appellants overstate the Court's holding in *Chatrie v. United States*, 609 U.S. __, 2026 WL 1855568 (2026). In *Chatrie*, the Court considered whether Location History, which is "a time-stamped record of every place a cell phone has been," *id.*, at *5, is a search. The Court did not expand its holding in *Carpenter v. Unites States*, 585 U.S. 296 (2018), but rather found that the technologies were extremely similar, and that "Location History provides an even more fine-tuned picture of a person's movement than CSLI." *Id.*, at *11. Relevant here, Location History allows police officers to reconstruct people's comings and goings in *any* area (public or private). *Id.*, at *11, *13.

However, the crux of the Court's opinion focused on the level of detail disclosed through Location History. Indeed, Location History pinpoints a person's location within around twenty meters, commonly records a person's location every *two minutes* (resulting in about 720 chartings), and can estimate a person's elevation. *Id.* Such information is indisputably private. On the contrary, here, Appellants have not alleged similar precision of data captured.[1] As alleged, the City photographs the license plate information from the Automatic License Plate Readers ("ALPRs") at fixed locations—there is *nothing* private about publicly displayed license plates. The photographs are then maintained pursuant Florida's public records retention laws (which Appellants have not challenged).

[1] Notably, Appellants fail to draw any comparisons between the Location History considered in *Chatrie*, and the ALPR data at issue here.

The greatest distinction between the technologies considered in *Chatrie* and *Carpenter*, and the ALPRs considered here, is that both Location History and cell-site location information ("CSLI") had capabilities to track the movement of persons in public and *private* locations, and could create a detailed log of a person's movements anywhere. Here, the ALPRs capture no more than when a publicly visible license plate travels over one of the three bridges in the City. The ALPRs more closely resemble traditional stationary surveillance systems, which do not implicate any expectation of privacy. Accordingly, *Chatrie* does not provide supplemental authority for Appellants' arguments.

Respectfully,

*/s/ Amanda A. Pulido*

**MATTHEW M. MANDEL**
Florida Bar No. 147303
**ANNE R. FLANIGAN**
Florida Bar No. 113889
**AMANDA A. PULIDO**
Florida Bar No. 1039122
**WEISS SEROTA HELFMAN**
**COLE & BIERMAN, P.L.**
200 East Broward Blvd., Suite 1900
Fort Lauderdale, FL 33301
Telephone: (954) 763-4242
mmandel@wsh-law.com
aflanigan@wsh-law.com
apulido@wsh-law.com

*Counsel for Appellee,*
*The City of Marco Island*

cc: All Counsel of Record